IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VBR TOURS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14-cv-804 |
| | ) | |
| v. | ) | Hon. Robert M. Dow, D.J |
| | ) | |
| NATIONAL RAILROAD PASSENGER CORP. | ) | Hon. Mary M. Rowland, M.J. |
| and YANKEE LEISURE GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

Pursuant to this Court's standing order and the April 7, 2014 Order (Docket No. 9), the parties jointly report:

A.   The attorneys of record for each party, each of whom is expected to try the case:

VBR Tours, LLC:

Paul J. Kozacky
pkozacky@kozacky.com
Alastar S. McGrath
amcgrath@kozacky.com
John N. Rapp
jrapp@kozacky.com
Kozacky & Weitzel, P.C.
55 West Monroe Street, Suite 2400
Chicago, Illinois 60603

Tele:  312.696.0900
Fax:  312.696.0905

National Railroad Passenger Corp. ("Amtrak"):

Diane Green-Kelly
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606-7507
dgreenkelly@reedsmith.com

Henry F. Reichner
Reed Smith LLP
Three Logan Square
1717 Arch Street, Room 3100
Philadelphia, Pennsylvania 19103
hreichner@reedsmith.com

Tele:   312.207.1000
Fax:    312.207.6400

Tele:   251.851.8100
Fax:    251.851.1420


Yankee Leisure Group, Inc. ("Yankee"):

Loren Scott Cohen
Wilson Elser LLP
55 West Monroe, Suite 3800
Chicago, Illinois 60603
loren.cohen@wilsonelser.com

Kenneth L. Racowski
Wilson Elser LLP
Independence Square West
The Curtis Center, 1130 East
Philadelphia, Pennsylvania 19106
kenneth.racowski@wilsonelser.com

Tele:   312.821.6186
Fax:    312.704.1522

Tele:   215.606.3913
Fax:    215.627.2665


B.      The basis for federal jurisdiction:  Federal courts have original jurisdiction over the
claims asserted under the Sherman Antitrust Act, 15 U.S.C. §§ 1 & 2, pursuant to 28 U.S.C. §§
1331 and 1337, and supplemental jurisdiction over the state law statutory antitrust claims
asserted therein pursuant to 28 U.S.C. § 1367 inasmuch as those claims are so related to the
federal antitrust claims as to form the same case or controversy under article III of the United
States Constitution.  This Court also has subject-matter jurisdiction over all claims pursuant to
28 U.S.C. § 1332 as the parties are of diverse citizenship, plaintiff being an Illinois citizen,
defendants being citizens of the District of Columbia or Massachusetts, and the amount in
controversy exceeding $75,000, exclusive of interest and costs.  Defendants do not contest this
Court's subject matter jurisdiction.

C.      The nature of the claims asserted in the complaint are antitrust, specifically,
monopolization—refusal to deal pursuant to 15 U.S.C. § 2 and 740 ILCS 10/3(3); conspiracy to
attempt to monopolize pursuant 15 U.S.C. § 2 and 740 ILCS 10/3(2); and concerted action to
restrain trade and price discrimination pursuant to 15 U.S.C. § 1 and 740 ILCS 10/3(3).

        There are no counterclaims.

D.      All parties have been served.

E.      The principal legal issues are:

| | | Plaintiff's Position | Defendants' Position |
|---|---|---|---|
| 1 | | Whether the refusal to deal with VBR on equal terms or the provision by Amtrak to Yankee of preferential treatment constitutes an unreasonable restraint of trade or unlawful attempt at monopolization of the market for Amtrak leisure travel packages sold by tour operators to consumers, either utilizing an intermediary travel agent or selling directly to the consumer-vacationer themselves. | Whether the Agreement between defendants Amtrak and Yankee, pursuant to which Yankee acts as Amtrak's national tour operator, constitutes an unreasonable restraint of trade in violation of Section 1 of the Sherman Act? |
| 2 | | | Whether "access to railway leisure tickets directly from Amtrak at "wholesale" prices, *i.e.*, with payment of a commission," is an essential facility for the operation of a tour operator business and whether the Agreement deprives tour operators of that essential facility in violation of Section 2 of the Sherman Act? |
| 3 | | | Whether Amtrak can lawfully subcontract the management of its Amtrak Vacations brand to Yankee and refuse to deal directly with tour operators and travel agents? |
| 4 | | | Whether Amtrak's payment of at least a 19% commission to Yankee to act as Amtrak's national tour operator constitutes price discrimination where the Agreement requires Yankee to pay commissions to tour operators and travel agents, such as plaintiff VBR, a 10% commission on the rail portion of the sale of leisure vacation tours that |

| | Plaintiff's Position | Defendants' Position |
|---|---|---|
| | | include railway travel? |
| 5 | | Whether the United States market for Amtrak brand leisure travel packages sold by tour operators to consumers, either utilizing an intermediary travel agent or selling directly to the consumer-vacationer themselves, is a cognizable relevant market for antitrust purposes? |

F.    The principal factual issues are:

| Plaintiff's Position | Defendants' Position |
|---|---|
| The revenues plaintiff has lost as a result of defendants' concerted activity and the amount of unlawful profits Yankee has generated. | Plaintiff's version of the relevant market; the leisure tour packages plaintiff sells, including the types of tour packages, transportation options in the tours it sells, the commissions plaintiff earns on the various elements of the tour package (including other modes of transportation), the geographic market in which it sells, the content and dollars spent on plaintiff's marketing and promotional activities in connection with the sale of leisure travel, the number of leisure travel packages plaintiff sold each year and the revenue derived from various types of leisure travel packages. |

G.    Plaintiff demanded trial by jury.

H.    The parties have agreed to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26.1 on May 16, 2014.  However, the parties differ on whether and, if so, how discovery should proceed:

| Plaintiff's Position | Defendants' Position |
|---|---|
| Plaintiff opposes staying discovery while the motions to dismiss are pending. Defendants' motions to dismiss are likely to be denied as they are not well-grounded in antitrust law and ignore material allegations of the complaint, and staying discovery will only serve to delay this matter. | Consistent with *Twombly*, discovery would be premature until the Court rules on their pending motions to dismiss. *See, e.g., DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (holding that the principles underlying *Twombly* required a stay on discovery during the pendency of a motion to dismiss for failure to state a claim brought under antitrust laws). Plaintiff itself describes this as an antitrust case that will require "significant discovery." Defendants' motions to dismiss are likely to obviate the need for any discovery, or at least substantially reduce the scope of discovery. And therefore discovery should be stayed pending a decision on those motions. |
| Plaintiff is not proposing to take extensive discovery on highly sensitive commercial information. Rather, Plaintiff is seeking information regarding an illegal agreement between Amtrak, a government funded entity, and Yankee. To the extent sensitive information will be sought regarding Yankee's business, the same information is being sought from Plaintiff by Defendants. As a result, Plaintiff has proposed a draft protective order. | Moreover, plaintiff is proposing to take extensive discovery of highly sensitive commercial information from its direct competitor (Yankee) and another business with which it has dealt with in arm's length business negotiations (Amtrak). And VBR and Yankee are likely to be direct competitors the next time the contract comes up for bid. This is another reason to stay discovery while the motions are pending. |
| Plaintiff recommends that the parties be given six months to complete written discovery and depositions (until November 1, 2014), and another three months—due to the holidays—to February 1, 2015 to disclose and depose expert witnesses. | In terms of deadlines in the event the motions to dismiss are denied in whole or in part, the defendants recommend that the parties be given six months from the date the Court rules to complete written discovery and depositions and another three months to disclose and depose expert witnesses. |

| Plaintiff's Position | Defendants' Position |
|---|---|
| Plaintiff anticipates requiring discovery into the nature and formation of the defendants' agreement(s) with one-another, particularly the National Tour Operator agreement partially attached to the plaintiff's complaint and each defendant's respective sales volumes since Amtrak began preferring Yankee to other tour operators, particularly as it relates to commissions and marketing support. Plaintiff anticipates discovering from defendant Amtrak information about its request for proposals for becoming a national tour operator, how many other tour operators it considered and its reasons for rejecting them, the financial consequences of electing Yankee as its national tour operator, including all monies and support provided to it, and the amount of sales generated as a result of plaintiff, Yankee and other potential tour operator's efforts. From defendant Yankee, plaintiff anticipates discovery of its profit margins and sales volume since being preferred by Amtrak and since being designated Amtrak's national tour operator. Plaintiff will also want to take discovery from third party tour operators and travel agents to obtain similar information. | Defendants anticipate conducting discovery regarding the plaintiff's version of the relevant market, obtaining facts from plaintiff regarding the leisure tour packages it sells, including the types of tour packages, transportation options in the tours it sells, the commissions plaintiff earns on the various elements of the tour package (including other modes of transportation), the geographic market in which it sells, the content and dollars spent on plaintiff's marketing and promotional activities in connection with the sale of leisure travel, the number of leisure travel packages plaintiff sold each year and the revenue derived from various types of leisure travel packages. Amtrak will also want to take discovery from third party tour operators and travel agents to obtain similar information. |
| As this is an antitrust case, plaintiff also anticipates engaging an expert witness to testify to the cause of plaintiff's injuries and the amount of its damages. | Defendants also anticipate engaging experts regarding relevant market definition, anticompetitive impact, causation and damages. |

| Plaintiff's Position | Defendants' Position |
| --- | --- |
| Plaintiff proposes to set the number of deponents following a few key depositions of Amtrak's chief personnel involved in the matters alleged in the complaint. Plaintiff and Yankee are small companies, with only a handful of appropriate deponents, but Amtrak is likely to have numerous personnel with relevant knowledge as the company is believed to be highly compartmentalized.<br><br>Plaintiff proposes each side be limited to thirty-five (35) interrogatories. | Defendants propose that depositions be limited to five (5) depositions or a total of thirty-five (35) hours of deposition testimony per party.<br><br><br><br><br><br><br><br>Defendants propose the parties adhere to the limitations on the number of interrogatories provided under Fed. R. Civ. P. 33(a)(1). |

I.     The earliest the parties will be ready for trial is not reasonably ascertainable at this early stage of the case given the possible impact on the case of the Court's rulings on defendants' motions to dismiss, the breadth of discovery and the likelihood of significant cross summary judgment motions.

J.     The parties do not consent unanimously to proceed before a Magistrate Judge.

K.     Plaintiff's position is that settlement discussion would be beneficial and to that end has suggested a "level the playing field" contractual resolution that is now available before damages mount. Defendants' position is that settlement discussions would be premature at this time given the pending motions to dismiss.

L.     Plaintiff's position is that a settlement conference would be helpful at this time. Defendants' position is that a settlement conference would not be helpful at this time.

M.     The parties anticipate that that there will be discovery produced in this case that is stored electronically ("ESI"). The parties will confer about the specifications and means by which any electronic discovery will be produced. In the event the parties have a disagreement relating to ESI that they cannot resolve independently, they will seek intervention of the Court.

N.     Plaintiff proposes the protective order this Court entered in *Kreg Therapeutics, Inc. v. Vitalgo, Inc.*, 11-cv-06771 on October 17, 2011. To the extent the case proceeds to discovery, Defendants anticipate seeking a two-tier protective order governing the production of non-public, confidential business documents and communications and would be amenable to the entry of a

- 7 -

protective order similar to the one this Court entered in *Kreg Therapeutics, Inc. v. Vitalgo, Inc.*, 11-cv-06771 on October 17, 2011, or some other order that the parties might agree to and that the Court would be willing to enter. Defendants also propose that the parties agree in the protective order to reasonable limitations on the form and scope of ESI that may be requested and produced, as well as limitations on the number of potential custodians of relevant ESI.


Respectfully submitted,

VBR TOURS, LLC

/s/ Paul J. Kozacky

By: _____

One of its attorneys


NATIONAL RAILROAD PASSENGER CORP.

/s/ Diane Green-Kelly

By: _____

One of its attorneys


YANKEE LEISURE GROUP, INC.

/s/ Kenneth L. Racowski

By: _____

One of its attorneys