IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VBR TOURS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14-cv-0804 |
| | ) | |
| v. | ) | Hon. Robert M. Dow, D.J |
| | ) | |
| NATIONAL RAILROAD PASSENGER CORP. | ) | Hon. Mary M. Rowland, M.J. |
| and YANKEE LEISURE GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED PROTECTIVE ORDER**

  Whereas plaintiff, VBR Tours, LLC, has filed suit against defendants National Railroad Passenger Corp. ("Amtrak") and Yankee Leisure Group, Inc. ("Yankee");

  Whereas documents or information containing confidential, proprietary, and competitively sensitive business, financial or competitive information or trade secrets within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Confidential Information") that bears significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

  Whereas, parties in this litigation are competitors and those parties in their business practices have gone to great lengths to safeguard and protect the confidentiality of the documents, information and things the disclosure of which would pose a substantial risk of irreparable harm to the producing party's legitimate proprietary interests;

  Whereas the parties seek to preserve their privacy and property interests in such information, without unduly encroaching on the public's right to be informed of judicial proceedings, and recognizing that the party seeking to protect information filed under seal with

the Court must show good cause for sealing that part of the record and that either party and any interested member of the public can challenge any designation of confidentiality pursuant to this protective order; and

Whereas the parties and counsel will act in good faith in designating records pursuant to the protections provided by this Protective Order.

WHEREFORE, the Court finds that good cause exists for entry of the following Protective Order and, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby orders as follows:

1. <u>Protective Order</u>. This Protective Order shall govern the designation and handling of all Confidential Information produced in this action by any party or non-party person or entity.

2. <u>Designation of Protected Material</u>. Any documents, interrogatory answer, deposition testimony or other information exchanged through any means of pretrial discovery, or any portion thereof, may be designated for protection under this Protective Order if the party or third party producing such information (the "producing party") believes in good faith that such document, interrogatory answer, deposition testimony or other information contains Confidential Information. Material designated for protection ("Protected Material") shall be categorized as "CONFIDENTIAL."

3. <u>Method of Designation</u>. The producing party of Protected Material shall place or cause to be placed the words "CONFIDENTIAL" on each page or portion of the Protected Material (or, in the case of electronic files, in a location reasonably calculated to notify viewers of its status as Protected Material). A producing party may designate Protected Material

disclosed at a deposition taken in this case (a) by indicating on the record at the deposition that a specific part of the testimony and/or any of the exhibits marked for identification are "CONFIDENTIAL" or (b) by designating in writing to the parties, within ten (10) days of receipt of the transcript, that a specific part of the testimony (identified by pages and lines of the transcript) and/or any of the exhibits marked for identification are "CONFIDENTIAL."

4. <u>Use of Protected Material</u>. The parties shall use Protected Material only for purposes of this lawsuit and not for any other purpose. Protected Material shall be disclosed only as provided in this Protective Order. Without limiting the foregoing, Protected Material, or information derived therefrom, shall not be used for any business or commercial purpose whatsoever; provided, however, this Protective Order shall not prohibit a party from using for any purpose information already known to that party prior to its disclosure in the litigation, notwithstanding its designation as Protected Material.

5. <u>Access to Protected Material</u>  Protected Material designated "CONFIDENTIAL" may be disclosed only to:

   a. The parties to this case and their respective employees and agents who are actively engaged in supporting outside counsel in the litigation;

   b. Outside counsel of record in this litigation representing one or more of the parties, the attorneys and stenographic, paralegal and clerical employees in the respective law firms of such outside counsel, and the personnel supplied by any independent contractor with whom such attorneys work in connection with this litigation;

    c. Independent experts retained by one or more of the parties for purposes of this case, including expert witnesses, consulting experts, technical consultants, statistical, stenographic and clerical employees thereof when operating under the direct supervision of such experts or consultants;

    d. The Court and its personnel;

    e. Persons noticed for deposition or designated as a witness at a hearing or trial, to the extent necessary for the preparation of the person's testimony provided that: (i) the document or information designated was authored or received by the deponent or witness; (ii) the document or information designated was produced by the party employing the deponent or witness; (iii) the person agrees to the restrictions set forth herein and has executed Exhibit A hereto; and (iv) no such person shall be given a copy of the Protected Materials to retain; and

    f. Such other persons as the Court may order or as to which all of the parties and the producing party agree in writing.

Prior to disclosing any Protected Material to persons identified in subparagraphs 5(a), (c), (e) or (f) of this Protective Order, counsel for the party making such disclosure shall provide such person(s) with a copy of this Protective Order and shall obtain from such person(s) a declaration in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order, and agreeing to subject themselves to the jurisdiction of the United States District Court for the Northern District of Illinois, or such other court to which this matter has been transferred or removed, for purposes of enforcing the terms of this Protective Order. Counsel obligated

herein to obtain a declaration shall maintain this signed declaration in its records until the conclusion of this action whether by judgment and exhaustion of all appeals, or by settlement.

      6.      <u>Inadvertent Production</u>.  If a producing party inadvertently omits to designate Protected Material as such, that party shall notify the other parties that such documents or information should be treated as though it were properly marked in accordance with this Protective Order, and the parties in possession of such documents and information shall treat them accordingly.  No party shall be liable for disclosure of a document or information not marked as Protected Material before receiving notice of its designation as such.  If Information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product or any other ground for withholding production to which the producing party would otherwise be entitled.  If a claim of inadvertent production is made with respect to information then in the custody of another party subject to this Protective Order, such other party shall promptly return, upon written request to do so, the original and all copies of the information to the producing party.  To the extent that party has already tendered the information to a non-signatory to this Protective Order, then the party that is the subject of this Protective Order that tendered the information to the third party shall undertake all reasonable efforts to secure the information's return.  The recipient of an inadvertent production shall not use or refer to such information for any purpose, but may, if appropriate, file a motion to compel production of such information under seal.  Such motion shall not refer to the substance of the information

inadvertently produced and shall not argue the fact of inadvertent production in support of such a motion. Pursuant to Rule 502(b) of the Federal Rules of Evidence, it is hereby ordered that attorney-client and work-product privilege protection is not waived by such disclosure connected with this litigation pending before the Court and that such disclosure is also not a waiver in any other federal or state proceeding.

7. <u>Voluntary Removal of Designation</u>. A producing party that has designated documents, interrogatory answers, deposition testimony or other information as Protected Material may remove such designation by notifying counsel for the parties in writing of its decision to do so; provided, however, such information shall retain its status as Protected Material if another party has also designated such information as Protected Material and has not removed such designation.

8. <u>Protected Material in Court Papers</u>. Except as agreed in writing by counsel of record for the party that designated Protected Material, to the extent that any Protected Material is attached to, contained within or filed with any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file such submission under seal and the document shall be designated and treated as a sealed document. In addition, the filing party shall file a copy of the pleading or other filing with the Protected Material redacted. Disclosure of any portion of the transcript of a deposition; which portion reflects or contains Protected Material, shall be subject to the terms of this Protective Order, and if filed with the Court, shall be filed as a sealed document. Where possible, only the portions of a filing containing Protected Material shall be filed under seal. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with

a motion, brief or other submission to the Court must comply with the Local Rules of the United States District Court for the Northern District of Illinois, including Local Rule 26.2.

9. <u>Use of Confidential Documents or Information at Trial</u>. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10. <u>Use of Own Information</u>. Nothing in this Protective Order shall limit the producing party from using its own documents and information in any fashion it may desire.

11. <u>No Effect on Admissibility</u>. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

12. <u>Return of Protected Material</u>. The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties. Within sixty (60) days after the conclusion of the litigation (including appeals), by settlement, judgment or otherwise, each party shall return all documents containing or disclosing Protected Material to the party which produced the documents or destroy such documents upon instruction from the producing party. Each party's trial counsel shall have the right to retain documents constituting work product, and a copy of the pleadings, other court filings, deposition transcripts and deposition or trial exhibits in its offices or secure storage. This Protective Order shall not require each party's

counsel to delete data, documents or other electronically stored information maintained on its respective firm's computer systems and storage.

13. <u>Challenging a Designation</u>. If subsequent to being furnished any information, document or thing designated as Protected Material, a party wishes to challenge any other party's claim of such status, based on a good faith belief that the material is not entitled to protection, the objecting party shall give written notice thereof to the producing party who has made the claim of confidentiality, identifying the information or documents that the objecting party contends are not properly designated as "CONFIDENTIAL" and allow a reasonable period of not less than five (5) days for the producing party to provide a written response. The objecting party may thereafter, after good faith consultation with the producing party, file a motion with this Court challenging the propriety of the designation within fifteen (15) days of the receipt of the producing party's written response. Information or documents which are the subject of such a challenge shall be treated as designated at least until this Court rules on the motion challenging the designation.

14. <u>In Camera Review</u>. Upon a motion of a party to this Protective Order, a court of competent jurisdiction may at any time examine and review in camera any document governed by the terms of this Protective Order.

15. <u>Production Pursuant to Court Order</u>. Notwithstanding any contrary provision of this Protective Order, any party or person in possession of Protected Material of another party may produce such Protected Material pursuant to a subpoena or court order or as otherwise required by law; provided, however, that the party or person making such disclosure (a) shall promptly notify the party who designated the Protected Material of the subpoena, court order or

other request or demand, and (b) shall cooperate, to the extent possible, in allowing the party making such designation sufficient time to challenge the subpoena, court order or other request or demand.

16. <u>No Waiver</u>. This Protective Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including, but not limited to, defenses or objections to the discovery or production of documents or information and to the use, relevance or admissibility at a hearing or trial of any evidence, whether or not comprised of documents or information governed by this Protective Order.

17. <u>Further Orders</u>. The entry of this Protective Order does not prevent any party or third party from seeking a further order of this Court with respect to the treatment of Protected Material or discovery.

18. <u>Non-Parties</u>. This Order shall apply to any non-party that produces documents or information in this litigation; provided that such non-party agrees to be bound by this Protective Order and consents to jurisdiction of this Court for the limited purpose of resolving any dispute that arises out of or relates to this Protective Order.

E N T E R:

Dated: June 12, 2014

_____
MARY M. ROWLAND
United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VBR TOURS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14-cv-804 |
| | ) | |
| v. | ) | Hon. Robert M. Dow, D.J |
| | ) | |
| NATIONAL RAILROAD PASSENGER CORP. | ) | Hon. Mary M. Rowland, M.J. |
| and YANKEE LEISURE GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**AGREEMENT CONCERNING MATERIAL**
**COVERED BY THE AGREED PROTECTIVE ORDER**

The undersigned declares under penalty of perjury under the laws of the United States of America, and hereby acknowledges, that he or she has read the Protective Order entered in this action dated _____, 2014, that he or she understands the terms thereof, agrees to be bound by its terms and agrees to submit to the jurisdiction of this Court, or such other Court to which this matter has been transferred or removed, for enforcement of the terms of the Protective Order.

By: _____

Dated: _____