```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   VBR TOURS, LLC,                )
                                    )
 4             Plaintiff,           )
                                    )
 5        v                         )   No. 2014 C 804
                                    )   Chicago, Illinois
 6   NATIONAL RAILROAD PASSENGER    )   April 30,2014
     CORP., et al.,                 )   9:00 a.m.
 7             Defendants.          )
     _____)_____
 8
                          TRANSCRIPT OF PROCEEDINGS
 9                 BEFORE THE HONORABLE ROBERT M. DOW, JR.

10   PRESENT:

11   For the Plaintiff:         PAUL J. KOZACKY
                                ALASTAR SEAN MC GRATH
12                              Kozacky Weitzel McGrath, P.C.
                                55 West Monroe Street
13                              Suite 2400
                                Chicago, Illinois  60603
14
     For Defendant National
15      Railroad:               DIANE GREEN-KELLY
                                Reed Smith LLP
16                              10 South Wacker Drive
                                40th Floor
17                              Chicago, Illinois  60606

18   For Defendant Yankee
        Leisure:                LOREN SCOTT COHEN
19                              Wilson Elser Moskowitz
                                 Edelman Dicker
20                              55 West Monroe Street
                                Suite 3800
21                              Chicago, Illinois  60603

22                              KENNETH L. RACOWSKI
                                Buchanan Ingersoll & Rooney PC
23                              Two Liberty Place
                                50 South 16th Street, Suite 3200
24                              Philadelphia, Pennsylvania 19102

25
```

1      THE CLERK: 14 C 804, VBR Tours v National Railroad
2 Passenger. .
3      MR. KOZACKY:  Good morning, your Honor, Paul Kozacky,
4 K-o-z-a-c-k-y, for the plaintiff.
5      MR. MC GRATH:  Good morning, Judge Dow, Alastar McGrath
6 for plaintiff as well.
7      THE COURT:  Okay.  Good to see you guys.
8      MR. COHEN: Good morning, your Honor, Loren Cohen and Ken
9 Racowski on behalf of Yankee Leisure Group.  Mr. Racowski is
10 in from Philadelphia. He is serving as lead counsel in this
11 matter.
12      THE COURT: Okay.  Welcome.
13      MR. RACOWSKI: Thank you, your Honor.
14      THE COURT:  Wish we had better weather for you, but this
15 time of year you never know.
16      MS. GREEN-KELLY: Diane Green-Kelly for Amtrak.
17      THE COURT: Very nice to see you.  Okay.  So I have a
18 status report from you guys, and I have two motions to
19 dismiss; is that right?  Ms. Green-Kelly, yours is already
20 filed?
21      MS. GREEN-KELLY:  Yes.
22      THE COURT:  Okay. So everybody's is filed.  So you guys
23 have a pretty good stack of paper to respond to.
24      Let me talk about the motion to dismiss first.  What were
25 you guys looking for in the way of briefing?

1      MR. KOZACKY: We would like to file a single 30-page
2  response to both motions.  And we would like to have 28 days
3  if that's acceptable.
4      THE COURT:  Perfect.  Even I can do this.  It's 5-27.
5  Right?
6      THE CLERK:  5-28.
7      THE COURT:  Oh, you're right. I can't do this.  That's
8  why you can't retire, Terry.  I can't even do math.
9      And then for the defendants, 14 days for reply okay? Tell
10 me if you got a trial or something.
11     MS. GREEN-KELLY:  Can we do to Friday the 13th?
12     THE COURT: Okay.  Sure, no problem. Promise I won't get
13 to it before then.
14     MR. RACOWSKI: That's fine.
15     THE COURT: I'll try not to wait too long to get to it,
16 though, because I understand the other half of this is where
17 you guys have the dispute.  And that's the discovery part of
18 it.  You're agreed that you can do your initial disclosures by
19 the 16th of May.
20     This isn't an obvious one to me one way or the other.
21 It's not obvious.  If you guys were going for a kill shot on
22 jurisdiction, I would say okay, that's easy to stay.  And if
23 it were a simple case where it's a matter of a surely curable
24 defect, if there is a defect, then I wouldn't stay discovery.
25 Antitrust is a little different.

```
 1          So what I would like to do here, what I propose to do
 2     would be if defendants want a stay of discovery, they can file
 3     a motion explaining to me in more than these two little
 4     cryptic paragraphs of the status report why I ought to stay
 5     the discovery.  And I'll give the plaintiffs a chance to
 6     respond to that.  And maybe we can do that in a time frame
 7     that won't put you too far behind the 26(a)(1)s for you to
 8     give me the two briefs on that.
 9          Then I'll figure out whether we should stay discovery.
10     In the event that I don't think we should stay discovery, I
11     may have some suggestions for how to phase it so that we won't
12     get too far ahead of the motion.
13          And what I almost certainly will do is refer this to
14     Judge Roland for supervision, especially because you've got
15     both an ESI component and maybe some complicated other
16     discovery.  And you can work out the protective order with her
17     if you don't agree you want the one from Kreg.  If you want the
18     one from Kreg, that's okay.  I have seen that one before and
19     signed off on it.  So if that's the one you want, let me know.
20          Since there isn't any great urgency to that, if you can
21     let me know by the time you do your 26(a)(1)s what you want in
22     the way of protective order, if it's Kreg, fine.  You know, I
23     don't think we have that in a Word document, but you guys
24     could reproduce it pretty quickly, I imagine.
25          If you have a disagreement about it, just let me know
```

1    what the disagreement is on the protective order, and I'll try
2    to get that in place.  Okay?
3         In terms of a motion to stay discovery, how soon do you
4    guys think you could put that on file?  And I'll let the three
5    of you talk amongst yourselves because I don't need two
6    motions.  One would probably do the job.
7         MS. GREEN-KELLY: By Friday the 16th.
8         THE COURT:   Friday the 16th. Okay. That's fine.
9         And then do you guys want two weeks to respond to it?
10        MR. KOZACKY: Two weeks would be perfect, your Honor.
11        THE COURT:   Okay. So that's 5-30.  So sometime in early
12   June I hope I will be able to figure out at least, you know,
13   whether we're going to have a stay or some -- anything short
14   of a stay, I probably would just call Judge Roland and give
15   her my views and let her carry it out with you because I'm
16   going to put a referral through for discovery supervision
17   just because I think you guys will benefit from having that
18   opportunity.
19        Hopefully, you will work everything out from this point
20   forward, but if you don't, she is there.  She is very good.
21   Smiles all over the place, but no commitments.  Fair enough.
22        Okay. So 5-16 for initial disclosures and for letting me
23   know about the protective order.  And then 5-16 will be the
24   defendants' joint motion to stay discovery.  5-30 will be the
25   response.  Referral to Judge Roland for discovery supervision.

1  5-28 for the responses to motions to dismiss or a response.
2  30 pages is fine.  And then 6-15 for replies.  All good?
3       MR. KOZACKY:  Excellent. Thank you.
4       THE COURT: As soon as I sort out the discovery stay
5  issue, I'll give you guys a written ruling.  And in terms of
6  the motion to dismiss, most likely I'll be able to do it on
7  the paper, but if I can't, Terry will call the five of you and
8  we will have you in.  Okay?
9       Anything else for today from you guys?
10      MR. MC GRATH: That's fine with us, your Honor.
11      THE COURT:   Okay. Wonderful.  Thanks everybody.
12              *           *           *.
13         I certify that the above is a true and correct
14         transcript of proceedings had in the above
15         matter.
16
17         /s/ Lois A. LaCorte          December 14, 2016
18         _____   _____
19            Lois A. LaCorte                    Date
20
21
22
23
24
25